IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JAMES GOODIN                                                        PLAINTIFF

        v.                           Civil No.  14-6040

DETECTIVE WILLIAM THORTON                                          DEFENDANT


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint, on November 22, 2012, the Plaintiff and a couple of friends were going to a church to eat dinner. On the way, they stopped to pick something up.  Plaintiff alleges he was electrocuted by an unmarked structure in the ground and received second and third degree burns.  Defendant arrived after Plaintiff was being sedated in the ambulance. Plaintiff states he does not recall speaking with the Defendant.

Upon his release from the burn center, Plaintiff states he was arrested for criminal mischief in the first degree.  Plaintiff states that this is when he found out that Defendant had

-1-

stated in his report that on the day of the accident Plaintiff had told him that he was trying to steal cooper.  Plaintiff maintains this is a lie.

Plaintiff states he and the Defendant had a run in over a stake out he was on a couple of months prior to the accident.  Plaintiff alleges that Defendant told him that he would do his best to get back at the Plaintiff.

Plaintiff alleges he ended up with a prison term of six years because of Defendant's false statement.  As relief, Plaintiff asks for his sentence to be overturned.  He also asks for payment for the time he has lost.

## 2.  Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP).  Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

First, to the extent the Complaint can be read to be asserting a defamation claim, such a claim fails as a matter of law.  "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981); *see also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983).  The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the Due Process Clause.  *Paul v. Davis*, 424 U.S. 693 (1976).  Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), aff'd 29 Fed. Appx. 676 (2d Cir. 2002).

-2-

Second, with respect to his claims of false arrest and false imprisonment, Plaintiff's claims are not cognizable at this time.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  Plaintiff's claim that his conviction was obtained as a result of a false statement made by the Defendant is barred by *Heck* as he is currently serving a sentence of imprisonment and his conviction has not been reversed or called into question in anyway. *Cf. e.g., Williams v. Schario*, 93 F.3d 527, 529 (8th Cir. 1996)(false testimony and malicious prosecution claims are *Heck*-barred as they necessarily imply the invalidity of the conviction or sentence).

Third, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief.  In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Finally, with respect to the official capacity claim, it "is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).   In other words, the official capacity claims are treated as claims against the City of Hot Springs. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

-3-

To establish Hot Springs' liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted). The applicable law has been summarized as follows:

> There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. Seymour v. City of Des Moines, 519 F.3d 790, 800 (8th Cir.2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. Speer v. City of Wynne, 276 F.3d 980 (8th Cir.2002); Parrish v. Luckie, 963 F.2d 201, 207 (8th Cir.1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. Szabla v. City of Brooklyn Park, 486 F.3d 385, 389-90 (8th Cir.2007).

*Id*. at 817-18. Plaintiff makes no allegations that his arrest and incarceration were the result of any policy, custom, or practice of the City of Hot Springs.

### 3. Conclusion

I recommend that this action be dismissed because Plaintiff has failed to state a claim upon which relief may be granted and attempts to assert a claim not presently cognizable under § 1983. See 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (*in forma pauperis* action may be dismissed on such grounds at any time). The claims currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) should be dismissed without prejudice.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff**

-4-

**is reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 23rd day of February, 2015.

_/s/ Mark E. Ford_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-5-